IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRACY L. BEIRD** : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | |
| : | |
| **LINCOLN UNIVERSITY OF THE** : | JURY TRIAL DEMANDED |
| **COMMONWEALTH SYSTEM OF** : | |
| **HIGHER EDUCATION** : | |
| Defendant : | |

## COMPLAINT

I.  **INTRODUCTION**

1. Plaintiff, Tracy L. Beird (Beird), brings this action under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2611, et seq., the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.A. § 12101 *et seq*. (ADAAA), Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 *et seq*. (Rehab Act), and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq*. (PHRA). Beird seeks back pay, reinstatement or front pay, compensatory damages (under the ADAAA, Rehab Act and PHRA only), liquidated damages (under the FMLA only), interest, negative tax consequence damages, injunctive relief, and attorney's fees and costs (including expert witness fees) from Defendant, Lincoln University of the Commonwealth System of Higher Education (Lincoln).

II.  **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, the ADAAA, Rehab Act and FMLA. Furthermore, Lincoln's conduct with regard to Beird violated the PHRA, and the pendant jurisdiction of this Court is invoked to remedy those violations.

3. Venue is proper as Beird worked at Lincoln's campus in Lincoln University, PA, which is in the Eastern District of Pennsylvania.

4. Beird has exhausted all remedies available to her as set forth in the ADAAA by timely filing a complaint with the EEOC and dually filing with the Pa. Human Relations Commission. Beird received a Notice of Right to Sue from the EEOC on about October 3, 2017 and this Complaint is filed within 90 days of that date.

### III.   PARTIES

5. Beird resides in Oxford, PA.

6. Lincoln is a non-profit corporation chartered for educational purposes. Lincoln is a nonsectarian, coeducational, state-related, four-year liberal arts institution.

7. Lincoln is a state-related agency and not a state agency.

8. At all material times hereto, Lincoln received federal financial assistance.

9. At all material times hereto, Lincoln acted through its employees, agents, representatives and/or servants who were acting within the course and scope of their employment and authority.

### IV.   FACTUAL BACKGROUND

10. Lincoln employed Beird as a secretary and later promoted her to be a data coordinator in the Office of Institutional Research and Planning from October 2001 through April 2016.

11. For the last several years Beird worked at Lincoln, she had requested and been approved for FMLA intermittent leave for her husband's and her children's disability medical conditions.

12. As of the summer of 2015, there were two people in Beird's department, Beird and her supervisor, Roxanne Foster, who was a director. The program analyst position in the department was vacant as of the beginning of July 2015.

13. In early July 2015, Beird applied for the open program analyst position in her department. Another person was hired for the position, and Lincoln subsequently terminated this person in November 2015.

14. After the program analyst was terminated in November 2015, Beird performed the work of her position and the program analyst job. She had done the work of both positions previously during the time when the program analyst job was vacant.

15. In about September/October 2015, during a meeting run by Gloria Oikelome, director of the Assessment and Accreditation Department (A&A), it was announced that Beird's department was going to co-exist with A&A. At that time, A&A had two employees.

16. In October 2015, Beird applied for and was approved for intermittent FMLA leave for her minor daughter's mental health disability.

17. In around the fall 2015, Ms. Foster informed Beird that Ms. Oikelome had said something to her about the days Beird was missing and how everybody has problems, she had to take care of her parents and she still worked. Beird told Ms. Foster that these were FMLA approved absences and she could not do anything about missing these days.

18. In mid-November 2015, Beird applied for a continuous FMLA leave for her own disability medical condition, carpal tunnel. She took an FMLA leave of absence for her disability medical condition from about December 7, 2015 through January 18, 2016.

19. In January 2016 while Beird was on FMLA disability leave, Ms. Foster left Lincoln. Thereafter, Ms. Oikelome became the interim director of Beird's department.

20. In about January/February 2016 Beird spoke with Ms. Oikelome about whether she could work from home as she had previously done for other directors. Ms. Oikelome said she did not want to be in a situation where people say they are working from home and are stealing time.

21. Around this time, Ms. Oikelome made a comment that we all still have to work.

22. Beird felt Ms. Oikelome's comment was disparaging due to her legitimate needs to care for her disabled family or due to her own disability medical condition.

23. In February 2016, Ms. Oikelome led a meeting of Beird's department and the A&A department. During this meeting, she stated that Lincoln was going to hire a replacement for Ms. Foster and a program analyst (the job Beird had been doing for the past about 3-4 months). She also announced that Glynis Smith, who was originally a temporary employee from a temporary staffing company, had been hired for the vacant Assessment Coordinator in the A&A department.

24. In March 2016, Beird applied for intermittent FMLA leave for her other minor daughter's disability medical condition.

25. Beird also submitted the necessary paperwork for continuation of FMLA intermittent leave to care for her youngest daughter and her husband.

26. On March 14, 2016, Beird was out of work and emailed Ms. Oikelome that the reason she was out was due to a difficult night and morning for her husband. She included in the email *"If there is something urgent you need me to work on from home*

*feel free to let me know by texting me 610-812-6142. While I will be working on the procedures for Class Climate, I will not be monitoring my Lincoln email."* This is something Beird had offered before and had done on numerous occasions over the years because the Office of Institutional Research and Planning was usually short staffed.

27. Ms. Oikelome emailed Beird in reply and stated:

Tracy, I don't know all the workings of FMLA but if the purpose of the leave is for illness then there is no exception (sic.) that you should be doing any Lincoln work or checking email. Again since I am still learning all the guidelines, I want to document that I have not asked you to work at home on a leave day.

28. On March 22, 2016, Beird took off work for FMLA due to her daughter's disability.

29. When Beird returned to work the next day on March 23, she emailed Ms. Oikelome to inform her of the days she would be out or leaving early for FMLA reasons for the next several weeks.

30. Later that day, Beird was called to HR and given a letter dated two days earlier (March 21, 2016) from Dr. Patricia A. Joseph, Interim Provost and Vice President of Academic Affairs. The letter stated that Beird's data coordinator position was no longer needed and that as of April 1 she was being terminated.

31. On about April 18, 2016 (about a month after Lincoln had terminated her), Beird applied for the job of program analyst in the Office of Institutional Research and Planning. In her cover letter, Beird indicated what she had filled in when the program analyst position was vacant making her an ideal candidate for the position.

32. Lincoln never responded to Beird's application for the program analyst position. It was not until Beird had repeatedly contacted Lincoln about her application

that Ms. Oikelome finally emailed her on May 10, 2016 and told her that the search is closed and leadership had filled the position.

33. Beird is an "eligible employee" under the FMLA.

34. Beird was entitled to take up to an aggregate of 12 work weeks of unpaid leave for her children's, husband's and her own serious health conditions without repercussions pursuant to the FMLA.

35. Lincoln is an "employer" under the FMLA.

36. Lincoln interfered with Beird's FMLA rights and retaliated against her by illegally terminating her and refusing to rehire her because she asserted her rights under the FMLA or requested FMLA leave for her children, husband or herself.

37. Beird is disabled pursuant to the ADAAA and Rehab Act because she had a physical or neurological impairment – carpal tunnel - that substantially limits the following major life activities – use of hands, writing and typing.  The preceding list of major life activities is not intended to be an exclusive or exhaustive list.

38. Alternatively, Beird is disabled pursuant to the ADAAA, Rehab Act and PHRA because Lincoln regarded and treated her as disabled or she had a record of a disability.

39. Alternatively, Beird is protected by the ADAAA, Rehab Act and PHRA because she was associated with her disabled children and husband.

40. Beird was disabled pursuant to the PHRA because she had a non-job related disability (physical or neurological impairment – carpal tunnel) that substantially limits the following major life activities – use of hands, writing and typing. The preceding list of major life activities is not intended to be an exclusive or exhaustive list.

41. During her tenure at Lincoln, Beird satisfactorily performed her job and she received positive performance evaluations and pay raises.

42. Alternatively or in addition to violating the FMLA, Lincoln terminated Beird and refused to rehire her due to disability discrimination (actual disability, record of disability, regarded as disabled, association with disabled person(s), or retaliation for requesting reasonable accommodations relating to her family's and her own FMLA/disability leaves of absence).

43. Beird has suffered, is now suffering and will continue to suffer emotional distress, embarrassment, humiliation, suffering, inconvenience, mental anguish, and other nonpecuniary losses as a direct result of Lincoln's unlawful conduct.

**V.     CLAIMS**

**COUNT I – BEIRD v. LINCOLN**
**FMLA – INTERFERENCE and RETALIATION (CARE OF OTHERS)**

44. Paragraphs 1 through 43 are incorporated by reference as if fully set forth herein.

45.  The acts, failures to act and conduct of Lincoln set forth above constitute interference with Beird's substantive rights and retaliation against Beird for exercising her rights under the FMLA regarding care for her disabled children and husband.

WHEREFORE, Plaintiff, Beird, respectfully demands judgment in her favor and against Defendant, Lincoln, for back pay, reinstatement or front pay, liquidated damages, interest, attorney's fees and costs (including expert witness fees), and declaratory relief that the conduct engaged in by Lincoln violated the FMLA and such other relief as the Court shall deem proper.

## COUNT II – BEIRD v. LINCOLN
## FMLA – INTERFERENCE and RETALIATION (SELF CARE)

46. Paragraphs 1 through 43 are incorporated by reference as if fully set forth herein.

47. The acts, failures to act and conduct of Lincoln set forth above constitute interference with Beird's substantive rights and retaliation against Beird for exercising her rights under the FMLA regarding care for herself.

WHEREFORE, Plaintiff, Beird, respectfully demands judgment in her favor and against Defendant, Lincoln, for back pay, reinstatement or front pay, liquidated damages, interest, attorney's fees and costs (including expert witness fees), and declaratory relief that the conduct engaged in by Lincoln violated the FMLA and such other relief as the Court shall deem proper.

## COUNT III – BEIRD v. LINCOLN
## DISABILITY DISCRIMINATION - ADAAA and PHRA

48. Paragraphs 1 through 43 are incorporated by reference as if fully set forth herein.

49. The acts, failures to act, practices and policies of Lincoln set forth above constitute disability discrimination (actual disability, regarded as disabled, record of disability or association with disabled children and husband) and violate the ADAAA and PHRA.

WHEREFORE, Plaintiff, Beird, respectfully demands judgment in her favor and against Defendant, Lincoln, for compensatory damages for emotional distress, mental anguish, humiliation and embarrassment, back pay, reinstatement or front pay, interest, negative tax consequence damages, attorney's fees plus costs, declaratory relief that the

conduct engaged in by Lincoln violated Beird's civil rights, equitable/injunctive relief directing Lincoln to cease any and all unlawful disability discrimination against their employees and such other relief as the Court shall deem proper.

### COUNT IV – BEIRD v. LINCOLN
### DISABILITY RETALIATION – ADAAA and PHRA

50. Paragraphs 1 through 43 are incorporated by reference as if fully set forth herein.

51. The acts, failures to act, practices and policies of Lincoln set forth above constitute disability retaliation in violation of the ADAAA and PHRA.

WHEREFORE, Plaintiff, Beird, respectfully demands judgment in her favor and against Defendant, Lincoln, for compensatory damages for emotional distress, mental anguish, humiliation and embarrassment, back pay, reinstatement or front pay, interest, negative tax consequence damages, attorney's fees plus costs, declaratory relief that the conduct engaged in by Lincoln violated Beird's civil rights, equitable/injunctive relief directing Lincoln to cease any and all unlawful disability discrimination against their employees and such other relief as the Court shall deem proper.

### COUNT V – BEIRD v. LINCOLN
### DISABILITY DISCRIMINATION – REHAB ACT

52. Paragraphs 1 through 43 are incorporated by reference as if fully set forth herein.

53. Lincoln acted intentionally and with deliberate indifference to Beird's rights under the Rehab Act.

54. The acts, failures to act, practices and policies of Lincoln set forth above constitute disability discrimination (solely because of actual disability, regarded as

disabled, record of disability or association with disabled children and husband) and violate the Rehab Act.

WHEREFORE, Plaintiff, Beird, respectfully demands judgment in her favor and against Defendant, Lincoln, for compensatory damages for emotional distress, mental anguish, humiliation and embarrassment, back pay, reinstatement or front pay, interest, negative tax consequence damages, attorney's fees plus costs, declaratory relief that the conduct engaged in by Lincoln violated Beird's civil rights, equitable/injunctive relief directing Lincoln to cease any and all unlawful disability discrimination against their employees and such other relief as the Court shall deem proper.

## COUNT VI – BEIRD v. LINCOLN
### DISABILITY RETALIATION – REHAB ACT

55. Paragraphs 1 through 44 and 53 are incorporated by reference as if fully set forth herein.

56. The acts, failures to act, practices and policies of Lincoln set forth above constitute disability retaliation and violate the Rehab Act.

WHEREFORE, Plaintiff, Beird, respectfully demands judgment in her favor and against Defendant, Lincoln, for compensatory damages for emotional distress, mental anguish, humiliation and embarrassment, back pay, reinstatement or front pay, interest, negative tax consequence damages, attorney's fees plus costs, declaratory relief that the conduct engaged in by Lincoln violated Beird's civil rights, equitable/injunctive relief directing Lincoln to cease any and all unlawful disability discrimination against their employees and such other relief as the Court shall deem proper.

                        Respectfully submitted,

By:   SMP2861
      Scott M. Pollins - Pa. Atty. Id. No. 76334
      **Pollins Law**
      800 Westdale Avenue
      Swarthmore, PA 19081-2311
      (610) 896-9909 (phone)
      (610) 896-9910 (fax)
      scott@pollinslaw.com (email)

      Attorney for Plaintiff, Tracy L. Beird

Date:   11/27/17